IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

JAMES JOSEPH USRY,           )
                             )
           Plaintiff,        )
                             )
     v.                      )     CV 112-163
                             )
                             )
INGLES MARKETS, et al.,      )
                             )
           Defendants.       )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned employment discrimination case. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) *(per curiam)*, but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

Accordingly, on November 8, 2012, the Court reviewed Plaintiff's complaint in conformity with the IFP statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 6.) Plaintiff filed an amended complaint, and it is that document that the Court will now screen. (Doc. no. 7.)

I.  **BACKGROUND**

Plaintiff names the following parties as Defendants in his complaint: (1) Ingles Markets, the grocery store at which he was employed; (2) Earl Inglett, the co-manager of the store; and (3) Richard Cooper, the manager of the store. (Id. at 1, 4, 6.) Liberally construing Plaintiff's amended complaint,[1] the Court finds the following. Plaintiff alleges that he began working as a stocker for Defendant Ingles Markets in July of 1999, and that the last position that he held there was "Grocery Manager/Front End Supervisor." (Id. at 6, 10.) Plaintiff alleges that, since "about 2008," he has "been allowed to be bullied, harassed, threatened, and belittled by [Defendant Inglett], and other employees" (id. at 6), and that, generally, he was "put in and made to work in a hostile work environment" (id. at 5). In support of those assertions, Plaintiff describes a series of alleged incidents between himself and Defendants Cooper and Inglett, as well as Jimmie Keeling, a stocker who is not named as a Defendant in this case. (Id. at 6.) In the Equal Employment Opportunity Commission ("EEOC") form that Plaintiff attached to his amended complaint, he alleges that he was ultimately fired from his position on May 24, 2011, and that Defendant Cooper attributed his termination to "making threats against a coworker." (Id. at 9-10.) Notably, Plaintiff provides no further details as to the circumstances that led to his firing. Although not directly asserted or implied in the substance of his complaint, Plaintiff's EEOC form also indicates that he claims that he was the victim of discrimination based on his race – he alleges that he is Caucasian – and that he was retaliated against for "opposing unlawful employment practices." (Id.)

The vast majority of the incidents that Plaintiff describes concern allegedly

---

[1] Notably, Plaintiff's amended complaint appears to be simply a slightly rearranged and reworded version of his original complaint. (Compare doc. no. 7, pp. 5-7, with doc. no. 1, pp. 5-7.)

2

unprovoked and crude remarks made to Plaintiff by Mr. Keeling and Defendants Inglett and Cooper relating to Plaintiff's job performance. For instance, Plaintiff alleges that, in response to Plaintiff "confronting" Mr. Keeling "about something he was eating," Mr. Keeling responded, "F*** you, you dick head!" (Id.) Plaintiff alleges that, during an argument on another occasion, Mr. Keeling began acting hostile towards Plaintiff and threatened to "take it outside and [handle it];" Plaintiff alleges that, despite Defendant Cooper being made aware of that incident, Mr. Keeling was only sanctioned with one week's suspension. (Id.) Plaintiff also alleges that Defendant Inglett approached him at the store and made "rude comments" that Plaintiff was "sorry" and "couldn't do [his] job," and, on a separate occasion, that Plaintiff was "stupid and mentally insane." (Id.) Notably, the only facts that Plaintiff alleges that even tangentially relate to the topic of discrimination concern an incident where Defendant Inglett allegedly told Plaintiff that "not only was [he] handicapped in the leg, [he] was handicapped in the head." (Id.) The remainder of Plaintiff's allegations, while perhaps representative of deplorable behavior on the part of Mr. Keeling and Defendants Inglett and Cooper, are markedly devoid of facts concerning employment discrimination. As relief, Plaintiff seeks monetary compensation for his lost wages since the time that he was fired. (Id. at 5.)

Plaintiff first submitted his claims to the EEOC, which was unable to conclude that the information Plaintiff submitted established a violation of the statutes. (Id. at 9.) After receiving his EEOC right to sue letter (id. at 10), Plaintiff then timely filed the above-captioned case.

II.  **DISCUSSION**

   A.  **Failure to State a Claim for Discrimination or Hostile Work Environment Under the ADA**

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all inferences to be derived from the facts alleged, the Court finds that Plaintiff fails to state a claim for discrimination or hostile work environment under the Americans with Disabilities Act ("ADA"). When asserting a claim for discrimination under the ADA, a plaintiff must show: (1) that he has a disability; (2) that he is a qualified individual; and (3) that he was subjected to unlawful discrimination because of his disability. Morisky v. Broward County, 80 F.3d 455, 447 (11th Cir. 1996).[2]

Here, Plaintiff has failed to satisfy any of the three prongs. First, Plaintiff only mentions that he has a disability in passing when he describes Defendant Inglett's alleged comment that "not only was [he] handicapped in the leg, [he] was handicapped in the head" (doc. no. 7, p. 6), and then again, even more vaguely, in his EEOC charge form when he refers generally to "his disability" (id. at 10). Notably, Plaintiff provides no further description as to the nature of his disability, which, by necessity, the Court concludes is somehow related to his leg. Even if the Court were to construe Plaintiff's off-hand and non-specific comments as somehow sufficient to satisfy the first prong – which it does not – Plaintiff has also failed to satisfy the second two prongs: he does not allege that he was an

---

[2]The Court is aware that Plaintiff is not required to plead his discrimination claim with heightened specificity. See Swierkiewicz v. Sorema N. A., 534 U.S. 506, 513-14 (2002). Nevertheless, Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 550 U.S. ___, 129 S. Ct. 1937, 1949 (2009) ("[A] complaint will [not] suffice if it tenders 'naked assertions devoid of further factual enhancement.'" (quoting Bell Atl. Corp., 550 U.S at 557)).

4

individual otherwise qualified for his position as "Grocery Manager/Front End Supervisor," and does not allege any actual discrimination based on his unidentified disability. As to Defendant Inglett's comment that Plaintiff must be mentally handicapped in addition to being physically handicapped – which, as previously noted, is the only alleged fact actually concerning Plaintiff's disability – Plaintiff does not allege that the comment resulted in any actual discriminatory behavior, or that it even directly concerned his disability; in fact, it appears that Defendant's comment was directed at Plaintiff's intelligence rather than his leg. (See id. at 6.) Thus, Plaintiff fails to state a claim for disability discrimination under the ADA.

As to Plaintiff's claim concerning Defendants subjecting him to a hostile work environment claim based on his disability, that claim fails as well. Hostile work environment claims under the ADA are analyzed under the same rubric as hostile work environment claims under Title VII, and thus the elements for such a claim are as follows: (1) the employee must be a member of a protected class; (2) the employee must have been subjected to unwelcome harassment; (3) the harassment must be based on the protected characteristic; and (4) the harassment must have affected a term or condition of employment. See Haysman v. Food Lion, Inc., 893 F.Supp 1092, 1106-07 (S.D. Ga. 1995). Here, as noted above, Plaintiff has failed to adequately demonstrate that he has a disability and thus is a member of a protected class per the first prong. Moreover, although Plaintiff's complaint does assert a considerable amount of "unwelcome harassment" per the second prong, only the alleged comment by Defendant Inglett discussed above concerns any allegedly protected characteristic (doc. no. 7, p. 6), and Plaintiff does not allege that the comment had any affect whatsoever on a term or condition of his employment. Therefore, Plaintiff also fails to state

5

a claim that he was subjected to a hostile work environment in violation of the ADA.

## B. Failure to State a Claim for Disparate Treatment Under Title VII

To the extent that Plaintiff attempts to assert a claim for disparate treatment based on his race under Title VII, the amended complaint fails to state such a claim. As the Court specifically explained to Plaintiff in the Order directing him to amend his complaint (doc. no. 9, p. 3), to state a claim for disparate treatment based on race under Title VII, a plaintiff must show: (1) that he is a member of a protected class; (2) that he was subjected to an adverse employment action; (3) that his employer treated similarly situated employees outside of his protected class more favorably than he was treated; and (4) that he was qualified to do the job. Burke-Fowler v. Orange County, 447 F.3d 1319, 1323 (11th Cir. 2006) (citing EEOC v. Joe's Stone Crab Inc., 220 F.3d 1263, 1286 (11th Cir. 2000)).

Here, although Plaintiff has satisfied the first two prongs, in that he has alleged that he is "white," which is a protected class, and that he was subjected to an adverse employment action by being fired from his job, he fails to make any allegations whatsoever relating to the remaining two prongs: he does not suggest that Defendant treated similarly situated employees outside of that protected class more favorably than he was treated,[3] and he does not allege that he was qualified to do the job in question. Accordingly, Plaintiff fails to state a Title VII claim for discrimination based on disparate treatment.

---

[3]Although Plaintiff recounts an incident in which Mr. Keeling was temporarily suspended for physically threatening Plaintiff (see doc. no. 7, p. 6), Plaintiff makes no allegations concerning whether Mr. Keeling was similarly situated to Plaintiff, nor does he provide any details concerning his own termination that might allow for a comparison between the two incidents in terms of favorable or unfavorable treatment.

6

## C. Failure to State a Claim for Retaliation

Finally, to the extent that Plaintiff attempts to assert a claim for retaliation under the ADA, that claim fails as well. Notably, to establish a prima facie case for such a claim under the ADA, a plaintiff must make a showing of the same elements as under Title VII. See Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1287 (11th Cir. 1997). Therefore, "To establish a prima facie case of retaliation under [the ADA], 'the plaintiff must show (1) that he engaged in statutorily protected expression; (2) that he suffered an adverse employment action; and (3) that there is some causal relation between the two events.'" Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1363 (11th Cir. 2007) (*per curiam*) (quoting Meeks v. Computer Assocs. Int'l, 15 F.3d 1013, 1021 (11th Cir. 1994)). "Statutorily protected expression" in the context of a claim for retaliation under the ADA refers to an expression in opposition to any act or practice made unlawful by the ADA. See 42 U.S.C. § 12203; see also Stewart, 117 F.3d at 1287.

Here, although Plaintiff generally asserts that he was retaliated against for "opposing unlawful employment practices" in violation of the ADA (doc. no. 7, p. 10), that allegation is simply too vague and conclusory to support the retaliation claim that Plaintiff attempts to assert. See Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (noting that conclusory allegations are not entitled to an assumption of truth in determining whether a complaint states a claim upon which relief may be granted); see also Cummings v. Palm Beach Cnty., 642 F.Supp. 248, 249-50 (S.D. Fla. 1986) (noting that plaintiff's complaint was too vague and conclusory to state a viable discrimination claim). Outside of his bald assertion that he "oppos[ed] unlawful employment practices" (doc. no. 7, p. 10), Plaintiff does not allege that he actually engaged in any statutorily protected expression per the first prong. He does not,

for instance, allege that he ever filed an internal complaint concerning disability discrimination. Moreover, although Plaintiff did suffer an adverse employment action, in that he was fired from his job, he does not allege a causal connection between his unidentified statutorily protected expression and that event. (See generally doc. no. 7.) Thus, Plaintiff's complaint fails to state a claim for retaliation under the ADA.

## III. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 26th day of November, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE